UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| RICHARD DOMINICK, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | 09 C 4643 |
| | ) | |
| TOWN OF CICERO and | ) | |
| LARRY DOMINICK, | ) | |
| | ) | |
| Defendants. | ) | |

# MEMORANDUM OPINION

CHARLES P. KOCORAS, District Judge:

This matter comes before the court on the motion of Defendants Town of Cicero ("Cicero") and Larry Dominick ("Larry") to dismiss Count II of the complaint of Plaintiff Richard Dominick ("Richard") on grounds that he lacks standing to pursue a cause of action under the Illinois Whistleblower Act. 740 ILCS 174/15(b). For the reasons set forth below, the motion is denied.

## BACKGROUND

According to the allegations of the complaint, which we must accept as true for purposes of Defendants' challenge,[1] Richard and Larry are brothers. On October 21, 2008, Larry appointed Richard to the newly formed Vacant Buildings Appeals

---

[1] *Warth v. Seldin*, 422 U.S. 490, 501 (1975).

Committee. The committee was charged with reviewing all appeals submitted by owners of buildings determined to be vacant by Cicero town officials.

The month after he was appointed, Richard reported activities of his brother and Cicero that he believed to be violations of state and federal law to the Internal Revenue Service ("IRS"). The following May, Richard received a letter from the IRS regarding the information he had provided to them. Shortly thereafter, Larry learned of the IRS investigation and the letter that had been sent to his brother. On May 26, 2009, Richard's employment with Cicero was terminated at Larry's direction.

In late July, Richard filed the instant suit, alleging violation of his First Amendment rights as well as the Illinois Whistleblower Act ("IWA"). Defendants have moved to dismiss the second claim on the grounds that Richard does not have standing to bring suit under that statute. Although the motion is styled as a motion to dismiss for failure to state a claim pursuant to Fed. R. Civ. P. 12(b)(6), challenges to standing instead pertain to this court's subject matter jurisdiction. *Am. Fed'n of Gov't Employees, Local 2119 v. Cohen*, 171 F.3d 460, 465 (7th Cir. 1999). Accordingly, we examine Defendants' motion under Fed. R. Civ. P. 12(b)(1). *Id.*

## LEGAL STANDARD

To establish standing, a plaintiff must show invasion of a concrete and particularized legally protected interest, a causal relationship between the conduct of the defendant and the injury to the plaintiff's interest, and redressability of the injury

if a court finds in the plaintiff's favor. *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560-61 (1992). As the proponent of jurisdiction over a particular cause of action, the plaintiff bears the burden of demonstrating standing. *Retired Chicago Police Ass'n v. City of Chicago*, 76 F.3d 856, 862 (7th Cir. 1996). If this burden is not met, dismissal under Rule 12(b)(1) is appropriate. *Cohen*, 171 F.3d at 465.

With these principles in mind, we turn to the instant motion.

**DISCUSSION**

The IWA, in pertinent part, provides that "[a]n employer may not retaliate against an employee for disclosing information to a government or law enforcement agency, where the employee has reasonable cause to believe that the information discloses a violation of State or federal law, rule, or regulation." 740 ILCS 174/15(b). The statute defines an employee as "any individual who is employed on a full-time, part-time, or contractual basis by an employer." 740 ILCS 174/5. Units of local government, such as Cicero, are included within the definition of employer. *Id.*

Defendants challenge Richard's ability to show that he is an "employee" under the IWA. Although the exact nature and extent of Richard's position is not specified in the complaint, it alleges that Richard received wages and benefits for his work on the Vacant Buildings Appeals Committee. Moreover, it asserts that Richard was employed by Cicero (a unit of local government and therefore an employer for purposes of the IWA) at the time Larry terminated Richard's involvement with the committee. Looking

at the plain language of the IWA definition of employee, Richard's allegations put him within the scope of the statute's protections, establishing for pleading purposes that he has a concrete and particularized interest protected by the statute at issue.

Defendants contend that the plain language of the statute notwithstanding, Richard was an officer of Cicero, not an employee and therefore he is not an employee protected by the IWA. In making this argument, Defendants rely on three cases. In the first, an IWA claim was dismissed because the plaintiff did not allege that she was an employee of the defendant school district. *Cole v. Forest Park Sch. Dist. 91*, 2006 WL 1735252, *2 (N.D. Ill. June 19, 2006). However, in that case, the plaintiff had no relationship with the district beyond her children's attendance; the court made no distinction between different types of persons who worked for the governmental unit such that the case would be instructive for Richard's situation.

The second case to which Defendants draw attention, *People v. Drish*, 321 N.E.2d 179, 182 (Ill. App. Ct. 1974), addressed not the IWA but a criminal statute defining the offense of official misconduct. Defendants implicitly contend that *Drish* requires a distinction always be made between public officers and public employees, but there is nothing in the case that would support such a sweeping statement. Rather, *Drish* involved a statute that supplied different definitions for employee and officer, thus necessitating a method for distinguishing the two terms. Because the IWA makes

no such distinction, there is no occasion to import the definitions used in *Drish* into the statute at issue here.

Finally, Defendants assert that a case considering the applicability of a mandamus remedy to a police chief requires that the plain language of the IWA definition be interpreted to include a separation of officers from employees of a governmental unit. Given the very different nature of a mandamus action from the situations addressed by the IWA, we do not find this case applicable to Richard's situation such that his ability to satisfy the IWA definition of "employee" would be compromised.

In sum, the allegations of Richard's complaint contain all of the requisite components of standing for purposes of his IWA claim, and the motion to dismiss pursuant to Rule 12(b)(1) is therefore not meritorious.

## CONCLUSION

Based on the foregoing analysis, the motion to dismiss for lack of standing is denied.

*Charles P. Kocoras*
Charles P. Kocoras
United States District Judge

Dated:   November 30, 2009